

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN B. THOMAS,

                Plaintiff,

-against-

N.Y. DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION; C.O. S.
MASTIC; C.O. H. HOPKINS; C.O. B.
NORFLEET; C.O. NIEVES; SGT. N. DREWES,

                Defendants.

20-CV-9709 (NSR)

VALENTIN ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated December 9, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

A. **Claims Against New York State Department of Corrections and Community Supervision**

Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And DOCCS, which is a state agency, is an arm of the State of New York. *See, e.g.*, *Medina v. New York State Division of Parole*, No. 1:20-CV-3763, 2020 WL 3962011, at *2 (S.D.N.Y. July 12, 2020). In addition, the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Accordingly, the Court dismisses Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity.

**B.     Valentin Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the named corrections officers (C.O. S. Matesic, C.O. H. Hopkins, C.O. B. Norfleet, C.O. Nieves, and Sgt. N. Drewes). It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity and badge number of each corrections officer whom Plaintiff seeks to sue here and the address where each defendant may be served. The New York State Attorney General's Office must provide this information to the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the Court will issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named corrections officers and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General's Office at: 28 Liberty Street New York, NY 10005.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 21, 2020
        White Plains, New York

                                                            NELSON S. ROMÁN
                                                         United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. C.O. S. Mastic

2. C.O. H. Hopkins

3. C.O. B. Norfleet

4. C.O. Nieves

5. Sgt. N. Drewes