**MEMORANDUM ENDORSEMENT**

*Thomas v. C.O. S. Matesic, et al.*,

7:20-cv-09709-NSR

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/29/2021
```

MEMO ENDORSED

The Court received Plaintiff's attached "Affidavit in Support for Entry of Default Judgment."

The Court granted Defendants Hurley Hopkins, Heriberto Nieves, Simun Matesic, and Nichols Drewes' request for leave to file a motion to dismiss with the following schedule: moving papers shall be served (not filed) on September 8, 2021; opposition papers shall be served (not filed) on October 8, 2021; reply papers shall be served on October 25, 2021. (ECF No. 26.) The Court also granted Defendant Norfleet an extension to respond to the Complaint and he must do so on or before August 23, 2021. (ECF No. 23.) Both orders are also attached here.

Accordingly, Plaintiff's application is denied as moot at this time.

The Clerk of Court is directed to terminate the motion at ECF No. 27 and to mail a copy of this memorandum endorsement to pro se Plaintiff at the address on ECF and to show service on the docket.

Dated: July 29, 2021
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Docket in case # __20__ CV/CR __9709__
As: Application for entry of default
Date: 7 / 28 / 2021



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
Steven B. Thomas
                Plaintiff,

    -v-

N.Y. D.O.C.C.S, H. Hopkins, S. Matesic,
H. Nieves, B. Northfleet, N. Drews
                Defendants,
---------------------------------------------------------

**AFFIDAVIT IN SUPPORT FOR ENTRY OF DEFAULT**

**20-Civ-9709** (NSR)

I, Steven B. Thomas, Din# 13-A-3947, being duly sworn deposes and says: I am the plaintiff in the above action.

1. On November 17th 2020 plaintiff commenced federal complaint against defendants N. Drews, H. Hopkins, S. Matesic, H. Nieves, and B. Northfleet of D.O.C.C.S.

2. On March 25th 2021 service was executed and all defendants was served with plaintiffs complaint. Defendants due date to respond with an answer was May 24th 2021.

3. On May 13th, 2021 an interested party in representing defendants at the N.Y. Office of Attorney General, Ian Ramage requested an extension to respond to plaintiffs complaint until June 23rd 2021, in which this court granted.

4. On June 21st 2021 the interested party at the N.Y. Office of Attorney General representing the defendants requested another extension to respond to plaintiffs complaint until July 21st, 2021, which this court granted as a final extension.

5. As of this date defendant has not responded to plaintiffs' complaint nor has there been a notice of appearance submitted on the defendants' behalf as to who officially represents them.

6. The defendants has had approximately four (4) months to answer plaintiffs complaint and now seeks a third (3rd) extension due to Attorney General office inability to locate defendant B. Northfleet.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2021

1

7. A third (3rd) extension would be prejudicial to the plaintiff and gives the Attorney General office a stay of Civil Litigation until said defendants are found.

8. Defendants have not contacted or attempted to contact plaintiff in this matter during the four (4) months to seek consent in good faith.

9. Defendants have not complied with the extension of time given them by this court, defendant disregard to the court order show a lack of interest in this most important matter.

10. Plaintiff request that the clerk of the court make an entry of default noting that defendants failed to answer timely after multiple extensions granted by the court.

Dated: July 23, 2021
      Woodbourne, New York

_[signature]_
Signature

WOODBOURNE C.F. 99 Prison RD
Address

WOODBOURNE N.Y 12788-1000
City, State & Zip Code

UNITED STATES DISTRICT COURT
__Southern__ DISTRICT OF NEW YORK

-------------------------------------------------

STEVEN B. THOMAS                              :

                                              :      **Affirmation of Service**

               -v -                           :      20 Civ __9769__ (NSR)

N.Y. D.O.C.C.S. H. Hopkins, H. Nieves         :
S. Matesic, N. Drewes, B. Northfleet          :

-------------------------------------------------

   I, __Steven B. Thomas__, declare under penalty of perjury that I have served a copy of the attached __Affidavit for Entry of Default__

Upon __Assistant Attorney General Ian Ramage__

Whose address is: __State of N.Y office of the Attorney General 28 Liberty Street New York N.Y 1005__.

Dated: __July 23rd 2021__
       Woodbourne, New York

Signature __#13A3947__ (Steven Thomas)

Address __Woodbourne C.F. 99 Prison Rd.__

City, State & Zip Code __Woodbourne N.Y 12788-1000__

[Stamp: RECEIVED JUL 28 2021, NELSON S. ROMAN U.S. DISTRICT JUDGE SDNY]

RD
NY 12788

WOODBOURNE
CORRECTIONAL FACILITY

JUL 28 2021

To:
United States District Court
Southern District of NY
U.S Courthouse
300 Quarropas Street
Judge- N.S. Roman

White Plains
NY 10601




**MEMORANDUM ENDORSEMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/27/2021___

<u>Thomas v. N.Y. Department of Corrections Community Supervision et al.</u>,
20 CV 9709 (NSR)

The Court has received Defendants' letter motion for leave to file a motion to dismiss the complaint (ECF No. 25.) Pro se Plaintiff did not file a response.

The Court waives the pre-motion conference requirement and grants Defendants leave to file their motion to dismiss as follows: moving papers shall be served (not filed) on September 8, 2021; opposition papers shall be served (not filed) on October 8, 2021; all reply papers shall be served on October 25, 2021.

Defendants shall file all motion papers—including any opposition papers—on the reply date, October 25, 2021. Defendants shall provide two hard courtesy copies of all motion papers to chambers as they are served.

The Clerk of Court is directed to terminate the motion at ECF No. 25, mail a copy of this memorandum endorsement to pro se Plaintiff at the address on ECF, and show service on the docket.

Dated: July 27, 2021
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**MEMO ENDORSED**



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | DIVISION OF STATE COUNSEL |
|---|---|
| ATTORNEY GENERAL | LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-8659

July 21, 2021

**VIA ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: <u>Thomas v. DOCCS,</u> 20 Civ. 9709 (NSR)

Dear Judge Román:

This Office represents Defendants Hurley Hopkins, Heriberto Nieves, Simun Matesic, and Nichols Drewes ("Defendants"), employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), in the above-referenced action. I write to respectfully request a pre-motion conference regarding Defendants' proposed motion to dismiss.

Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and 42 U.S.C. § 1997(e)(e) on grounds that: (1) Plaintiff fails to allege a medical indifference claim; (2) Plaintiff fails to allege a substantive due process claim; (3) Defendant Drewes was not personally involved; (4) Defendants are entitled to qualified immunity; (5) Claims against Defendants in their official capacity are barred by the Eleventh Amendment; and (6) Plaintiff's claims for emotional distress damages are barred by 42 U.S.C. § 1997(e)(e).

**Point I: Plaintiff Fails to Establish a Deliberate Indifference Claim Against Defendants**

In order to assert an Eighth Amendment claim for medical indifference, a plaintiff must establish that a defendant acted with "deliberate indifference to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim includes 1) an objective test, and 2) a subjective test. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Here, Plaintiff fails to plead facts sufficient to show he suffered from a sufficiently serious medical condition, or that any Defendants were deliberately indifferent to such a condition. While hemophilia could arguably constitute a serious medical condition, Plaintiff does not allege any denial of treatment, only the most trivial delays. (Dkt. No. 2, pp. 5, 6, 14). These trivial incidents were not objectively serious delays in treatment, and did not worsen Plaintiff's medical condition, so are not actionable under the Eighth Amendment. *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). Accordingly, the medical indifference claims should be dismissed.

**Point II: Plaintiff Fails to Allege a Substantive Due Process Claim**

Plaintiff fails to plead a violation of his medical privacy. Plaintiff alleges that Defendants violated his medical privacy in that Defendant Hopkins asked questions of Plaintiff's nurse such as "how long does this medicine take to administer?" and "how long does it take to recover?" (Dkt No. 2, p. 5); that Defendant Hopkins later disclosed Plaintiff's condition to other inmates (Dkt No. 2, p. 6); and that Defendants Matesic, Nieves, and Drewes inadvertently disclosed Plaintiff's medical condition by talking amongst themselves and fellow staff members (Dkt No. 2, p. 6). These actions were, at most, minimal intrusions into Plaintiff's medical privacy, and are supported by both legitimate penological and obvious medical reasons.

Each of the alleged acts by Defendants was reasonably related to legitimate penological interests and, at most, were minimally intrusive. Plaintiff suffers from a severe bleeding disorder that could require immediate medical treatment. (Dkt. No. 2, p. 5). The questions attributed to Defendant Hopkins were directed towards medical professionals and are not even alleged to have been arbitrary or malicious. (Dkt No. 2, p. 5). Additionally, there are valid, and indeed compelling reasons why correction officers, who are tasked with prisoner safety, should be aware of an inmate's medical condition that may require emergency treatment. Accordingly, Plaintiff's substantive due process claims must fail.

**Point III: Defendant Drewes is Not Alleged to Have Been Personally Involved**

Plaintiff's Complaint is a veritable hodgepodge of conclusory statements but allege no factual allegations against Defendant Drewes that could serve as the basis for liability under Section 1983. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). *Accord Tangretti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020) (holding that the Circuit's prior five-factor test for supervisory liability under *Colon* was no longer good law after *Iqbal*).

Here, the Complaint contains no non-conclusory allegations against Defendant Drewes. (Dkt No. 2, pp. 5-6). The Complaint contains no allegations from which it can be reasonably inferred that Defendant was personally involved in a purported violation of Plaintiff's constitutional rights. Moreover, it appears Defendant Drewes is named and sued here simply because he was in the prison chain of command. "[M]ere linkage in the prison chain of command is insufficient to implicate a [senior prison official] in a § 1983 claim." *Richardson v. Goord*, 347

F.3d 431, 435 (2d Cir. 2003). Accordingly, the claims against Defendant Drewes should be dismissed.

### Point IV: Defendants Are Entitled to Qualified Immunity

Defendants are also entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because the allegations are insufficient to allege that Defendants violated any federal rights of Plaintiff, they necessarily fail to allege that he violated a federal right that was "clearly established" at the time of the incident. *Spavone v. New York State Dep't of Corr. Servs.,* 719 F.3d 127, 135 (2d Cir. 2013) (defendant is entitled to qualified immunity if it is not alleged he was personally involved in a constitutional violation).

### Point V: Official Capacity Claims are Barred by the Eleventh Amendment

Plaintiff bring claims against Defendants in their official capacity. Claims asserted against Defendants for damages in their official capacity are considered claims against the State itself, and thus, barred by the Eleventh Amendment and sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff's claims against Defendants in their official capacity must be dismissed for lack of subject matter jurisdiction.

### Point VI: Plaintiff's Claims For Damages Should Be Dismissed

42 U.S.C. § 1997(e)(e) bars a prisoner from bringing an action in federal court seeking recovery for mental or emotional injuries without a prior showing of physical injury. *See Thompson v. Carter*, 284 F.3d 411, 416, 419 (2d Cir. 2002). Here, Plaintiff alleges no physical injuries, only various emotional injuries including "ridicule," and general "pain." (Dkt No. 2, p. 7). As such, Plaintiff's claims for damages for emotional distress are barred.

We thank the Court for its attention to this matter.

Respectfully submitted,

 */s/ Ian Ramage*
Ian Ramage
Assistant Attorney General
Ian.Ramage@ag.ny.gov

cc:   Steven Thomas, DIN 13A3947
      Woodbourne Correctional Facility
      99 Prison Road, PO Box 100
      Woodbourne, NY 12788-1000

Case 7:20-cv-09709-NSR Document 23 Filed 07/20/21 Page 1 of 2



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/20/2021_

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

July 19, 2021

**MEMO ENDORSED**

**VIA ECF**
Honorable Nelson. S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Thomas v. DOCCS,* 20 CV 9709 (NSR)

Dear Judge Roman:

Defendant Norfleet's time to respond is extended to August 23, 2021. FINAL EXTENSION.
The Clerk of Court is directed to terminate the motion at ECF No. 22 and to mail a copy of this endorsement to pro se Plainitiff at the address on ECF and to show service on the docket.
Dated: July 20, 2021
White Plains, NY
SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

This Office represents Defendants Hurley Hopkins, Heriberto Nieves, Simun Matesic, and Nichols Drewes, and we will be filing a premotion letter on these Defendants' behalf on July 21, 2021. We have also received a request for representation from Defendant Barry Norfleet, who is retired from DOCCS service, but, despite Herculean efforts, both this Office and DOCCS have been almost completely unable to contact him thereafter. Until we are able to communicate with Defendant Norfleet, we cannot undertake his representation or appear on his behalf. Thus, although the Court has stated that its previous grant of the second extension request was "FINAL," (Docket No. 21), we respectfully request, pursuant to our obligations under New York Public Officer's Law § 17 to attempt to protect State defendants against default, that Defendant Norfleet, and *only* Defendant Norfleet, have his time to respond to Plaintiff's Complaint be extended by thirty (30) days from July 21, 2021 to August 23, 2021.

Two prior requests for an extension of time for all Defendants to respond to Plaintiff's Complaint were granted. (Dkt. Nos. 19, 21). Plaintiff's consent has not been sought because of the difficulty in prompt communications with pro se inmates and the need to make this request forthwith. We apologize for the necessity of this request and thank the Court for its attention to this matter.

Respectfully submitted,

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov

Judge Nelson S. Román  Page 2
July 19, 2021

                                                  */s/ Ian Ramage*
                                                  Ian Ramage
                                                  Assistant Attorney General
                                                  (212) 416-8659
                                                  Ian.Ramage@ag.ny.gov

cc:    Steven B. Thomas, DIN 13-A-3947
        Woodbourne Correctional Facility
        99 Prison Road
        PO Box 1000
        Woodbourne, NY 12788-1000
        (<u>via</u> mail)